Johnson, J., dissenting:
*548 I disagree with the majority's determination that the defense objection to the testimony of Terra Morehead was not preserved for appeal.
Defense counsel specifically advised the court of its concern that the State was calling Morehead to answer the question, "[D]id [Rudisill] testify and did [Rudisill] tell the truth," after which the district court granted the defense a standing objection. Slip op. at 543. The district court allowed Morehead's testimony as to the jailhouse informant's "reputation for truthfulness," slip op. at 544, and should have known that testimony that the jailhouse informant told the truth at an earlier trial was a specific instance that could not be used to establish that reputation. Later, the district court granted the defense a continuing objection to Morehead testifying, based on the defense counsel's statement that he was relying on "all the objections that [defense counsel] had to [Morehead's] testimony and which we discussed on the record yesterday." Slip op. at 544. In short, the district court's error in allowing Morehead's testimony was not the result of a misunderstanding as to the reasons that the defense objected to the testimony.
I would address the issue, find in favor of the defendant, reverse the conviction, and remand for a new trial.